INDUSTRIAL COMM v WHITLATCH

Ohio Appeals, 2nd Dist, Franklin Co

No 2576. Decided Sept 26, 1935

Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. A. Bowman, Asst. Pros. Atty., Columbus, for plaintiff in error.

Richard N. Larrimer, Columbus, and Orman G. Terry, Columbus, for defendant in error.

**OPINION**

By BODEY, J.

Although several claims of error are set out in the petition in error, the only one of those errors which is relied upon in this proceeding is that the evidence introduced at the re-hearing and in the trial below did not establish a compensable eye injury. In other words, it is claimed by the Industrial Commission that the verdict of the jury was manifestly against the weight of the evidence, that there was no evidence to sustain the same, and that the verdict should have been for the defendant below rather than for plaintiff. While there appears to be some discrepancy between the claims of the plaintiff and the Industrial Commission concerning which eye was injured, it would appear generally from the evidence that an error was originally made in the application, and that it was the left eye which was injured, and that it was the same eye for which compensation was paid. The evidence does not establish an entire loss of vision of the left eye, nor does it establish any percentage of loss of vision. The evidence concerning the condition of the eye was furnished by a medical witness, Dr. C. A. Poindexter, and by the plaintiff. In the testimony of the former, the following appears:

"Q. What condition did you find in the eye? (Referring to the date of injury). A. He had just partial vision.

"Q. What condition is his eye in today? A. There is no improvement. He can't read at night at all. When he reads through the day he has to get cock-eyed."

In the plaintiff's testimony we find the following:

"Q. What condition has your eye been in from the 29th day of December, 1930, until the 18th day of January, 1932? A. It has been just about like it is now. It is weak like it is now. I can't read with it.

"Q. Lawrence, what condition has your eye been in from December, 1930, until January 18, 1932, does it water and blur? A. It blurs and waters and is weak.

"Q. Lawrence, why is it you have not worked during this time? A. Part of the time I never had any work; I couldn't find any. I worked what time I could find work."

It is the view of this court that compensation for an eye injury of a permanent nature must be claimed and allowed under the provisions of §1465-80 GC. The pertinent parts of that section as applied to such a case are as follows:

"Sec 1465-80 GC. In case of injury resulting in partial disability, the employee shall receive sixty-six and two-thirds per cent of the impairment of his earning capacity during the continuance thereof, not to exceed a maximum of eighteen dollars and seventy-five cents per week, nor a greater sum in the aggregate than four thousand dollars, and such compensation shall be in addition to the compensation allowed to the claimant for the period of temporary total disability resulting from such injury. In cases included in the following schedule, the disability in each case shall be deemed to continue for the period specified and the compensation so paid for such injury shall be as specified herein, and shall be in addition to the compensation allowed to the claimant for the period of temporary total disability resulting from such injury, to-wit:

For the permanent * * * partial loss of sight of an eye, "2/3 of the average weekly wages for such portion of one hundred and twenty-five weeks as the commission may, in each case determine, based upon the percentage of vision actually lost as a result of the casualty, but in no case shall an award of compensation be made for less than a 25 per cent loss of vision. In no case shall the payments of compensation for partial loss of sight and/or total loss

of sight and/or facial or head disfigurement due to loss of the eye, whether caused by one or more accidents total more than one hundred and twenty-five weeks."

It would appear from a reading of this section that before a claimant is entitled to an allowance of compensation for a permanent partial loss of vision he must establish that he has suffered at least a 25% loss, and until such a percentage of loss is shown he is not entitled to recover. The Supreme Court of Ohio has held that,

"For loss of member the award has no relation to the 'impairment of his earning capacity during the continuance thereof,' but, on the contrary, is arbitrarily fixed by the statute." **The State ex Shindler v Industrial Commission of Ohio, 126 Oh St 34.**

If, therefore, the loss of a member must be compensated under this section, it is necessary that the claimant establish a percentage of loss of vision as set forth therein. It is the opinion of the court that the evidence in this case was entirely too speculative to permit the jury to properly conclude that the injury complained of was compensable. There is no direct evidence of any person concerning the percentage of loss of vision. We do not believe that the jury was authorized or justified in considering from testimony 'that the eye was weak and that the claimant could not read with it in the day time' that such a deficiency of vision would amount to a 25% loss. As heretofore stated it is our view that until such a percentage of loss was sustained and shown, the claimant would not be entitled to share or participate in the compensation fund for a permanent partial injury. The court is unable to determine from the record in this case whether the Industrial Commission refused to modify its original award to plaintiff below because it found that he had already been fully compensated for his injury or for some other reason. Entertaining these views, it is our judgment that there was no evidence tending to establish the claim of plaintiff below, and that the trial court should have sustained the motion of the Industrial Commission for a directed verdict at the conclusion of the case. And now coming to enter the finding which should have been entered by the trial court, we render final judgment in favor of the plaintiff in error, the Industrial Commission of Ohio. The costs should be paid by the defendant in error. Exceptions. An entry may be so drawn.

BARNES, PJ, and HORNBECK, J, concur.