### INDUSTRIAL COMM v WHITLATCH

Ohio Appeals, 2nd Dist, Franklin Co

No 2576. Decided Nov 27, 1935

Donald J. Hoskins, Prosecuting Attorney, Columbus, and J. A. Bowman, Asst. Pros. Atty., Columbus, for plaintiff in error.

Richard N. Larrimer, Columbus, and Orman G: Terry, Columbus, for defendant in error.

### OPINION

By THE COURT

The record before us discloses on page three of the bill of exceptions that the following order was made by the Industrial Commission concerning the defendant in error:

"It has no jurisdiction of the claim and no authority thereby to inquire into the extent of disability or amount of compensation claim."

This is the usual language employed by the Industrial Commission when rejecting a claim on rehearing.

Appeal from this ruling was taken to the Common Pleas Court where a verdict was rendered for the defendant in error. The basis of the claim was that the defendant in error had suffered the entire loss of vision of his left eye and that he was totally blind therein due to an injury received in the course of his employment. The evidence did not disclose any loss of vision which would amount to total blindness nor did the evidence disclose any testimony showing a percentage of loss of vision. Neither did the evidence show any impairment of the earning capacity of the defendant in error. We adhere to our former decision to the effect that §1465-80, GC, covers the allowance of compensation in such case. It is apparent that the defendant in error showed no loss of vision nor an impairment of earnings under that section and that the verdict which was rendered for him in the lower court was contrary to the evidence and was not supported by any evidence.

Counsel for the defendant in error contends that the claim was originally disallowed by the Commission because there was some conflict in the evidence concerning which eye was injured. While this may be true, the order of the Industrial Commission wihch is hereinabove quoted does not so indicate. The dismissal was on a jurisdictional ground and such action therefore appealable to the Common Pleas Court. It is possible, as outlined in the brief of defendant in error on rehearing, that an error was made in the presentation of this case to the Court of Common Pleas when it was discovered that no question, was then raised by the Commission concerning which eye was injured. However, the case proceeded to a final conclusion and comes to us on the record made below. In our judgment, we must not only reverse the case, but we must also render the judgment which should have been rendered in the court below. We adhere to our former opinion and render final judgment for the plaintiff in error. Exceptions.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.