**BACETTI, Appellant, v. NATIONAL TUBE CO., Appellee.**

Ohio Appeals, Ninth District, Lorain County.

No. 1263. Decided June 18, 1952.

Levin & Levin, Lorain, for appellant.
Squire. Sanders & Dempsey, Cleveland, Fauver & Fauver, Elyria, for appellee.

## OPINION

By HUNSICKER, PJ.

Carlos Bacetti, herein called Bacetti, an employee of National Tube Company, herein called Company, was injured on July 30, 1948, while performing his usual work in the company plant. The nature of the injury was such that Bacetti

was burned about the face, neck, ears and left forearm, when flames from one of the ovens in the plant were blown directly onto him as he was engaged in pushing a mud buggy in the vicinity of the oven.

The Company, a self-insurer, accepted the claim as to the skin burns and paid Bacetti temporary total disability until August 28, 1948, the date when Bacetti returned to work

Bacetti thereafter, on January 14, 1949, filed an application with the Industrial Commission of Ohio for an adjustment of his claim, stating that, as a consequence of the accidental injury of July 30, 1948, he suffered an injury to his eye resulting in an impairment of his vision.

The Company denied that Bacetti received an injury to his eyes, and, after a hearing by the Industrial Commission, the claim was not allowed. A rehearing was granted, and the claim again disallowed.

Bacetti then filed his petition in the Common Pleas Court of Lorain County for a determination of his right to participate in the workmen's compensation fund. After a trial to a jury, a verdict was returned, finding that Bacetti was not entitled to participate in the workmen's compensation fund.

From the judgment entered upon such verdict, Bacetti has appealed to this court on questions of law.

The first complaint of the appellant to which we direct our attention, is the claim that the trial court erred in giving a special request before argument submitted by counsel for the company. This charge was as follows:

"I charge you as a matter of law that, before plaintiff can recover from the defendant in this case, plaintiff must prove by a preponderance of the evidence—

"(a) that his claimed loss of vision was a direct and proximate result of the accident of July 30, 1948, and, in addition thereto, (b) that his loss of vision in the left eye is at least twenty-five percent (25%).

"In the event plaintiff fails to prove, by a preponderance of the evidence, either (a) or (b), then your verdict must be for the defendant."

Counsel for Bacetti insist that it was error prejudicial to the substantial rights of Bacetti to give this requested charge to the jury, for the reason that it fails to take into consideration the question of acceleration or aggravation of a pre-existing condition, and because the question of percentage of disability should not be submitted to the jury.

After carefully reading the testimony and examining the exhibits, we find that at no time did Bacetti claim any impairment of his vision prior to July 30, 1948. He testified and

his witnesses also stated that he could see "good," that there was nothing wrong with his eyes.

Counsel for Bacetti stressed the report of Dr. Sullivan, made as a result of an eye examination of Bacetti in Puerto Rico prior to Bacetti coming to Lorain. From all the testimony on this subject, we can find no claim of previous visual impairment. There is, of course, the claim that Bacetti had an "opacity at 2 o'clock." This defect, if it may be so called, Dr. Stolzar said did not impair his vision. Dr. Stolzar further testified that such defect developed when Bacetti was between the ages of 15 and 20.

Dr. Cowen, who also found the "opacity at 2 o'clock," said that, "assuming that his (Bacetti's) eyes were normal on February 26, 1948, with my findings of April 12, 1949, * * * the accident that caused his injury would probably be the cause of his opacity of the media."

We have searched the record, but have been unable to discover any basis for the claim that there has been an "acceleration or aggravation of a pre-existing condition." There is also no basis in the testimony for a claimed injury to the right eye.

Coming now to the question of the charge to the jury that they must find the extent of disability in cases of claimed injury to an eye, our attention is called to that part of §1465-80 GC, which reads as follows:

"For the permanent partial loss of sight of an eye, 66-2/3% of the average weekly wages for such portion of one hundred twenty-five weeks as the commission may, in each case determine, based upon the percentage of vision actually lost as a result of the casualty, but in no case shall an award of compensation be made for less than 25 per cent loss of vision."

We understand, of course, that the province of the jury in workmen's compensation cases is to determine only the right of a claimant to participate in the fund set up by such legislation, the duty of providing the amount of compensation resting with the Industrial Commission. (Sec. 1465-90 GC.)

It is apparent from a reading of the petition and entire record herein, that counsel for Bacetti adopted the theory of his case to the view that in cases involving claims of injury to the eye, it becomes an obligation of the claimant to show at least a 25% loss of vision before participation in the fund may be declared by the jury.

From a reading of the language of the statute (§1465-80 GC), we, too, must adopt the theory first advanced by counsel for Bacetti. The only case cited to us covering this specific point, and the only case we have been able to discover, is that of **Industrial Comm. v. Whitlatch, 20 Abs 145,** adhered to on

rehearing in **21 Abs 34.** The Court of Appeals of Franklin County there said, at **p. 147** of **20 Abs.:**

"It would appear from a reading of this section (§1465-80 GC) that before a claimant is entitled to an allowance of compensation for a permanent partial loss of vision he must establish that he has suffered at least a 25% loss, and until such a percentage of loss is shown he is not entitled to recover."

We therefore determine that the trial judge correctly charged the law when he required the jury to find that the claimant had at least a 25% loss of vision before such claimant was entitled to participate in the compensation fund.

We have examined all other claimed errors, and, although we do not recommend the type of cross-examination that was permitted when Dr. Cowen testified, we do not find error prejudicial to the substantial rights of the appellant.

Judgment affirmed.

DOYLE, J, STEVENS, J, concur.